**Opinion filed January 13, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00288-CR

_____

## KENNETH KOCHER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 14140-D**

## M E M O R A N D U M   O P I N I O N

Kenneth Kocher has filed an untimely pro se notice of appeal from his judgment of conviction for the offense of sexual assault. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on November 5, 2021, and that his notice of appeal was filed in the district clerk's office on December 17, 2021. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and

that the appeal may be dismissed for want of jurisdiction. We also notified Appellant that the trial court had certified that this is a plea-bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2018). We requested that Appellant respond to our letter and show grounds to continue. Appellant has filed a pro se response, and his counsel has filed a motion to extend the time to file a motion for new trial and also a motion to extend the time to file the notice of appeal. However, neither Appellant nor his counsel has shown grounds upon which this appeal may continue.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed over thirty days after his sentence was imposed and that a motion for new trial was not timely filed. The notice of appeal was therefore untimely. Furthermore, Appellant did not file a timely motion for an extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3. Rule 26.3(b) of the Texas Rules of Appellate Procedure requires that such a motion be filed within fifteen days after the due date for the notice of appeal.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of

the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

Appellants' motions for extension of time are denied, and this appeal is dismissed for want of jurisdiction.

PER CURIAM

January 13, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.